[Civ. No. 5276.   First Appellate District, Division Two.—February 5, 1926.]

RUSS LUMBER & MILL COMPANY (a Corporation), Respondent, v. PEOPLE'S TRUST & SAVINGS BANK (a Corporation) et al., Appellants.

[1] CORPORATIONS—BANKS AND BANKING—ORDERS FOR PAYMENT FOR BUILDING MATERIALS FURNISHED CONTRACTOR — GUARANTY — EVIDENCE—ULTRA VIRES.—In this action against a bank to recover the reasonable value of certain building materials furnished to a building contractor upon written orders of the president of the bank, the bank cannot avoid the payment of the reasonable value of such materials on the ground that the defendant corporation had no power to guarantee the written obligations of any person and, therefore, the writings were *ultra vires* and void, where it appeared from the evidence that the writings did not constitute guarantees, but were orders issued by the president of the bank in an attempt to save the bank from loss.

[2] ID.—BENEFITS RECEIVED UNDER ULTRA VIRES CONTRACT—EVIDENCE. In such action, assuming that the acts of the bank were *ultra vires,* the plaintiff was entitled to recover where it was undisputed that the plaintiff's property was delivered to and on the bank's orders

---

2. See 4 Cal. Jur. 172; 3 R. C. L. 420.

and was used to swell the assets of the bank, and in its complaint the plaintiff alleged and sought to recover the reasonable value of the materials so furnished to and used by the defendant.

(1) 28 C. J., p. 887, n. 19. (2) 7 C. J., p. 596, n. 17.

APPEAL from a judgment of the Superior Court of Riverside County. William D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. G. Irving for Appellants.

E. S. Williams for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover a judgment for the reasonable value of building materials. The action was brought against the corporate defendant as the principal debtor and against the other defendants on their stockholders' liability. The action was tried in the lower court before the court sitting without a jury; that court made findings in favor of the plaintiff and caused its judgment to be entered in accordance with those findings. The defendants have appealed.

The claim of the plaintiff was evidenced by seven different writings. In drawing its complaint the plaintiff alleged:

"That on or about March 11, 1919, at Riverside, California, said People's Trust & Savings Bank made and entered into an agreement with said plaintiff wherein and whereby said People's Trust & Savings Bank agreed that if said plaintiff would furnish to said defendant Albert Schliem lumber and building materials from time to time as said Schliem should order the same from said plaintiff said People's Trust & Savings Bank would guarantee the payment of and pay to said plaintiff the amounts for all such lumber and building materials furnished to said Albert Schliem, and that said People's Trust & Savings Bank from time to time would execute and deliver to said plaintiff written orders authorizing the furnishing of such lumber and building materials by said plaintiff to said Schliem and guaranteeing and agreeing to pay to said plaintiff the amount of lumber and building materials furnished by said plaintiff to said Schliem to the extent stated in said respective orders.

"That pursuant to said agreement said People's Trust & Savings Bank on March 11, 1919, and June 17, 1919, and August 8, 1919, and September 25, 1919, and October 31, 1919, and December 9, 1919, and January 18, 1920, executed and delivered to said plaintiff its certain written orders and agreements wherein and whereby said People's Trust & Savings Bank authorized said plaintiff to furnish to said Albert Schliem lumber and building materials and guaranteed the payment and agreed to pay to said plaintiff for all such lumber and building materials to the extent stated in said respective orders and agreements; that each of said orders was in the amount of $2000, and that in and by said orders said People's Trust & Savings Bank guaranteed the payment and agreed to pay to said plaintiff for lumber and building materials furnished by said plaintiff to said Schliem in the aggregate amount of $14,000; that copies of said orders and agreements are hereto attached and hereby referred to as parts hereof the same as if here set forth at length."

Later the trial court made a finding that all of the allegations contained in those paragraphs are true and each of said allegations is true. The papers referred to in the complaint were attached to it and are as follows:

"Riverside, California, March 11, 1919.

"Russ Lumber and Mill Company,

"Riverside, California.

"Gentlemen:

"Referring to the request of Albert Schliem for credit.

"Please be advised that we will guarantee the payment of any bills of lumber and other building materials ordered by Mr. Schliem. We would request that you give us, as soon as possible after delivery of any material, a copy of the invoice, setting forth the job or point of delivery and also that you put a limit of $2000.00 credit extended without additional verification from us. The price list to be in effect, approved by Mr. Schliem, is attached hereto.

"Yours truly,

"People's Trust & Savings Bank

"By J. C. Odell, President.

"JCO.HG.

"Riverside, Cal. June 17–1919.
"Russ Lumber & Mill Co.,
    "Riverside, Cal.
"Gentlemen:
    "On March 11th, 1919, we gave you an order to furnish to Mr. Albert Schliem, lumber and other building material, to the extent of $2000.00, for which we guaranteed the payment.

    "As the above $2000.00 has been almost all used up, we hereby authorize you to furnish to Mr. Albert Schliem, an additional $2000.00, Two thousand Dollars, in lumber and other building materials, and present bills to us as soon as possible, showing amounts and where delivered, and we guarantee payment of this additional $2000.00, in the same way as the $2000.00 covered in our order to you March 11th, 1919.

"Yours truly,
"People's Trust & Savings Bank
"By J. C. Odell, President.

"Riverside, California, Aug. 8, 1919.
"Russ Lumber & Mill Co.
    "City
"Gentlemen:
    "We gave you two orders for Two Thousand Dollars each to cover material furnished to Albert Schliem which orders are mostly used up.

    "We therefore authorize you to furnish to Mr. Albert Schliem lumber and other building material to the extent of another Two Thousand Dollars and charge same to our account and present bills as soon as possible showing amounts and where delivered.

"Signed    People's Trust & Savings Bank
"By J. C. Odell, President."

Except as to the date and the amount, each of the other seven instruments was in the same form as the one last quoted.

It will be noted that the language of the complaint which alleges that the defendant corporation "guaranteed the payment" can be dropped and that the pleading will still be sufficient. Furthermore, the finding of the court was such that if all reference to said papers "as guarantees" should

be eliminated the findings will still be in favor of the plaintiff and against the defendant, and will be sufficient to support the judgment.

[1] On this appeal the appellant in the last analysis makes but one point and that is that each of said written instruments purports to be a guarantee and that the defendant corporation had no power to guarantee the written obligations of any person and therefore the writings were *ultra vires* and void. The vice in this reasoning is that there is nothing whatever on the face of said writings indicating that said writings were guarantees excepting only the first two writings.

We turn then to the passages in the record which tend to throw light on the question as to whether either of the first two papers was intended as a guarantee. Mr. Schliem was a contractor doing business in the neighborhood of Riverside. On the 11th of March, 1919, he had an account with the defendant Bank and was owing the Bank various sums of money. At the same time the Bank held the title to numerous pieces of property as security for the moneys owing to it by Mr. Schliem. Mr. Schliem had at that time several incompleted building contracts. The Bank held written authority authorizing it to collect such sums as would become due as the various contracts were completed. On March 11, 1919, Mr. Schliem needed building materials to complete some of those contracts. He called on the plaintiff and had a conversation with Mr. Kennedy, the representative of the plaintiff. Mr. Kennedy testified: ''Mr. Schliem came in the office one day and wanted we should, furnish him some lumber; and I told him we would not agree to furnish lumber to him—we would not furnish lumber to him until we knew where we would get the money. He asked us if we would furnish the lumber if the bank would pay for it. I told him certainly we would. So he went down to the bank and a few minutes after Mr. J. C. Odell called up on the phone and said that Mr. Schliem had been speaking to him in regard to lumber, and wanted to know if we would furnish it. I told him we would if the bank would be good for it. So then Mr. Schliem came back in an automobile and got me and took me down to the bank and I talked to Mr. J. C. Odell, and he asked if I would furnish lumber to Mr. Schliem. I told him no I would not furnish it to Mr.

Schliem, but I would furnish it to the bank.   The conversation was that if we would furnish the lumber to Mr. Schliem the bank would be responsible for it and pay for it.   It was understood there was to be a written order given but Mr. Odell did not want to give a written order at that time. He wanted me to come back again in the morning.   He turned to Mr. Schliem and asked him if he had to have any lumber right away; and Mr. Schliem said he would have to have some that afternoon.   Mr. Odell stated definitely that the bank would take care of the account and would give us an order.   When I went in in the morning to get the order he presented the order to me and instructed me to furnish lumber to Mr. Schliem.''   The next morning Kennedy went to the Bank for his order; one was presented signed by Odell, Kennedy refused to accept it, and thereupon Odell asked him to prepare the paper in such form as he wanted it.   Thereupon Kennedy prepared the paper which appears above and which is dated March 11, 1919, and, on presentation, Mr. Odell signed in the form in which we have copied the instrument.   Each of the other papers was prepared by the plaintiff and was presented to the Bank for signature.

Mr. Odell was called as a witness and gave no testimony contradicting Mr. Kennedy as we have quoted him above. Mr. Schliem was called as a witness and testified that he did not remember the facts.   Running through the entire transcript as the case was tried in the lower court the papers above set forth were referred to by the witnesses as orders and counsel for the plaintiff and counsel for the defendants used the same language.   After each one of these papers had been signed and delivered the plaintiff delivered building materials on such job and in such quantity as Mr. Schliem directed and at the same time delivered to the bank invoices in form as follows:

"Riverside, California, Mar. 31  1919

"People's Trust & Savings Bank

"A. Schliem, Main & Santa Ana  Job.

"To  Russ Lumber & Mill Co. Dr.

"Seventh & Mulberry Streets.

Date          Bill No.
Mar. 11          6678...................$96.50
etc., etc., etc.''

Numerous similar invoices are copied into the record and our attention is not called to any passage contained in the record wherein anybody contended that the real debtor was not the defendant Bank, but should have been A. Schliem and that the invoices were improperly written.

There is testimony in the record that Mr. J. C. Odell had the management and supervision of the commercial department, the savings department, and the trust department, although it further appears that there was another individual specially in charge of each of those desks. Under these circumstances we think it is quite clear that the writings above set forth were not intended as anything but orders and that they were orders issued by the manager of the defendant corporation. Furthermore, from the facts which we have recited it appears that the president of the Bank was attempting to save the Bank from incurring a loss and that it does not necessarily appear that his acts were *ultra vires.* (*Stewart* v. *Stewart Hotel Co.,* 33 Cal. App. 167 [164 Pac. 620]; *Dunne* v. *Independent Order of Foresters,* 185 Cal. 211, 216 [18 A. L. R. 639, 196 Pac. 41].)

[2] But if we assume for the purposes of this opinion, and for those purposes only, that the acts of the Bank were *ultra vires,* still the defendant shows no defense. It is not disputed but what the plaintiff's property was delivered to, and on, the defendant's orders and was used to swell the assets of the defendant. In its complaint the plaintiff alleged and sought to recover the reasonable value of its materials so furnished to and used by the defendant. Under these circumstances the respondent was clearly entitled to recover. (*Pauly* v. *Pauly,* 107 Cal. 8, 18 [48 Am. St. Rep. 98, 40 Pac. 29]; *Pullman Palace-Car Co.* v. *Central Transp. Co.,* 65 Fed. 158, 162.)

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1926.